UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/2014
```

E.E. CRUZ & COMPANY, INC.,

       Plaintiff,

-v-

TEAMSTERS AND CHAUFFEURS
UNION LOCAL NO. 456,

       Defendant.

No. 13-cv-6306 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

  Plaintiff E.E. Cruz & Company, Inc. ("Plaintiff"), brings this action against Defendant Teamsters and Chauffeurs Union Local No. 456 ("Defendant"), seeking to vacate Defendant's arbitration demand made pursuant to a Project Labor Agreement ("PLA") between Plaintiff and a labor association of which Defendant is a member. Now before the Court are Plaintiff's motion for summary judgment to vacate Defendant's arbitration demand and Defendant's cross-motion for summary judgment to compel arbitration. For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's cross-motion.

## I. BACKGROUND

  Plaintiff is a construction company organized and existing under the laws of the State of New Jersey.[1] (Pl. 56.1 Stmt. ¶ 1.) Defendant is a labor organization as defined under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 181, *et seq.*, and a local-union affiliate of the Building

---

[1] The following facts are drawn from Plaintiff's Local Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1 Stmt.") (Doc. No. 16), Defendant's Local Rule 56.1 Statement of Undisputed Material Facts ("Def. 56.1 Stmt.") (Doc. No. 25), and Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1 Resp.") (Doc. No. 31). Where the Court cites only one party's Local Civil Rule 56.1 Statement, the other party does not dispute this fact. In deciding Defendant's motion, the Court has also considered Plaintiff's memorandum of law ("Pl. Mem.") (Doc. No. 18), Defendant's memorandum of law ("Def. Mem.") (Doc. No. 23), Plaintiff's reply ("Pl. Reply") (Doc. No. 32), and the documents submitted in support thereof. (Doc. Nos. 15, 19, 24, 33.)

and Construction Trades Council of Westchester and Putnam Counties, New York, AFL-CIO ("Trades Council"). (*Id.* ¶¶ 2, 4; *see also* Def. 56.1 Stmt. ¶ D.)

On or about January 23, 2012, the County of Westchester awarded Plaintiff a contract to replace three bridges along the Bronx River Parkway. (Pl. 56.1 Stmt. ¶ 3.) The PLA governing the project requires that members of local unions affiliated with the Trades Council perform all construction work. (*Id.* ¶ 4; *see also* Aff. of William Visci, dated Jan. 10, 2014, Doc. No. 24, Ex. A ("PLA").) Article 9 of the PLA sets forth a dispute-resolution procedure and governs grievances concerning "any question, dispute or claim arising out of the PLA, other than jurisdictional disputes or violations of the no strike provision." (Pl. 56.1 Stmt. ¶¶ 5, 7; *see also* Def. 56.1 Stmt. ¶ E; Pl. 56.1 Resp. ¶ E.)

The dispute-resolution procedure comprises three steps. (*See* PLA at 12–14.) The first step depends on whether an individual employee, a union, or Plaintiff seeks to file a grievance. (*See id.* at 12–13.) When an employee brings a grievance, that employee must "give notice of the claimed violation" to Plaintiff's work-site representative within fourteen days "after the act, occurrence or event giving rise to the grievance." (*Id.* at 12.) To advance to the second step, the employee must, within fourteen days of giving notice, provide Plaintiff with "written copies" of the grievance that describe the violation, the date on which it occurred, and the specific PLA provisions that were allegedly breached. (*Id.* at 13.) When a union has a dispute with Plaintiff, unless the parties reach a settlement "within 14 calendar days, the dispute shall be reduced to writing and proceed to" the second step in the same manner prescribed for employee grievances, as described above. (*Id.*) Finally, if Plaintiff seeks to bring a grievance, it must follow the same procedure as the unions. (*See id.*)

Regardless of the identity of the aggrieved party, the second and third steps of the process are the same. (*See id.*) Within fourteen days of the written notice, the union's business manager or designee holds a "Step 2" meeting with Trades Council representatives and Plaintiff in order to explore the prospects for a settlement. (*Id.*) If the parties do not resolve the grievance at that meeting, any of the

parties can proceed to the third step – arbitration before the American Arbitration Association (the "AAA") – which must be requested within twenty-one days of the Step 2 meeting. (*Id.*) According to the PLA, "[f]ailure of the grieving party to adhere to the time limits set forth in [Article 9] shall render the grievance null and void." (*Id.*)

In late April 2013, a representative for Defendant told a representative for Plaintiff that Plaintiff had allowed non-unionized drivers to make deliveries to the project site in violation of the PLA.[2] (Pl. 56.1 Stmt. ¶¶ 14–15; *see also* Def. 56.1 Stmt. ¶ H; Pl. 56.1 Resp. ¶ H.) Plaintiff denied the violation. (Pl. 56.1 Stmt. ¶ 16.) On May 13, 2013, representatives for Plaintiff and Defendant met to discuss the grievance. (*Id.* ¶ 17.) On June 21, 2013, the Trades Council notified Plaintiff that Defendant had filed a written grievance against Plaintiff; the Trades Council also scheduled a Step 2 meeting on June 27, 2013 to discuss the grievance. (*Id.* ¶ 18.) One day before the meeting, Plaintiff notified the Trades Council via letter that Defendant had not complied with the PLA's dispute-resolution procedures, specifically, by failing to provide Plaintiff with notice of the specific violations. (*Id.* ¶ 19; *see also* Def. 56.1 Stmt. ¶ K; Pl. 56.1 Resp. ¶ K.) Thereafter, the Trades Council canceled the meeting. (*Id.* ¶ 20.)

On July 10, 2013, the Trades Council sent Plaintiff a written "Grievance and Notice of Step 2 Hearing," which announced that a Step 2 meeting would take place on July 16. (Pl. 56.1 Stmt. ¶ 21.) Defendant and the Trades Council attended the meeting; Plaintiff did not, based on its determination that neither Defendant nor the Trades Council had complied with the PLA's dispute-resolution procedure. (*Id.* ¶ 24.) As no settlement was reached, Defendant made a formal arbitration request to the AAA on July 26, 2013. (*Id.* ¶¶ 24, 28.)

---

[2] In its Local Rule 56.1 Statement, Defendant states that the representatives met on April 30, 2013. (*See* Def. 56.1 Stmt. ¶ H.) Plaintiff disputes the date, asserting that the meeting took place on April 22, 2013. (*See* Pl. 56.1 Resp. ¶ H.) Because the date of the April meeting is not material to any of the issues presented by this motion, the Court need not resolve this factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (finding that a court may issue summary judgment if the non-moving party would lose as a matter of law under its version of the facts).

B. Procedural History

On August 12, 2013, Plaintiff filed a petition in New York Supreme Court, New York County, to stay and vacate Defendant's arbitration demand. (Doc. No. 1.) Defendant removed pursuant to 28 U.S.C. §§ 1331, 1441 – basing jurisdiction on the LMRA – and the case was subsequently assigned to this Court's docket on September 9, 2013. (*Id.*) On December 6, 2013, Plaintiff filed its motion for summary judgment seeking to vacate Defendant's arbitration demand (Doc. No. 11), and, on January 18, 2014, Defendant filed its cross-motion for summary judgment seeking to compel arbitration (Doc. No. 22). The motions were fully submitted on February 28, 2014. (Doc. Nos. 31–33.)

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v.*

*Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [non-moving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact.

A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]," *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### III. DISCUSSION

Plaintiff argues (1) that the Court, rather than an arbitrator, must determine whether Defendant's grievance is arbitrable and, (2) should the Court decide to address arbitrability, the Court should find that the Defendant's grievance is not arbitrable. (*See* Pl. Mem. at 6–11.) Defendant, on the other hand, argues that the arbitrator must make the arbitrability determination and that, in any event, the grievance implicated here is indeed arbitrable. (*See* Def. Mem. at 5–8.) For the reasons set forth below, the Court finds that the arbitrator must make the arbitrability determination. Accordingly, the Court need not decide whether Defendant's grievance is arbitrable.

"[W]hether or not [a] company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964) (quoting *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241 (1962)); *see also BG Group, PLC v. Republic of Argentina*, 134 S. Ct. 1198, 1206 (2014) ("[I]t is up to the parties to determine whether a particular matter is primarily for arbitrators or for courts to decide."). The Court decides arbitrability unless (1) "the parties clearly and unmistakably provide otherwise" in the contract, *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 130 (2d

5

Cir. 2011), or (2) the issue is a procedural matter, *see id.* at 131 & n.14. Procedural issues are "gateway matters" and concern "disputes about the meaning and application of particular procedural preconditions for the use of arbitration," such as waiver, estoppel, and notice. *BG Group*, 134 S. Ct. at 1207.

Here, Plaintiff insists that this Court should make the arbitrability determination because the arbitration clause does not "unmistakably" provide that an arbitrator should resolve the issue. (Pl. Mem. at 11; Pl. Reply at 2). But the dispute here is purely procedural and concerns the conditions precedent to arbitration. As such, it is properly left to the arbitrator to resolve. As Plaintiff acknowledges in its letter to the Trades Council, the instant dispute revolves around the question of whether Defendant properly followed the dispute-resolution procedure for filing grievances and pursuing arbitration, particularly with respect to the PLA's requirement that aggrieved parties provide written notice to the alleged violator. (*See* Pl. 56.1 Stmt. ¶ 19; PLA at 13.) Clearly, such matters are within the category of "procedural preconditions" that the Supreme Court described in *BG Group*. *See* 134 S. Ct. at 1207 ("[C]ourts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration.").

Thus, Plaintiff is indistinguishable from the petitioner in *John Wiley & Sons* – a case concerning a contract with a three-step dispute resolution process that is strikingly similar to the PLA in this dispute. *See* 376 U.S. at 556. There, as here, the petitioner argued that the union did not complete the first two steps of arbitration. *Id.* at 558; (*see also* Pl. Mem. at 5 (noting "the failures of . . . Defendant . . . and the Trades Council to follow the correct grievance procedures set forth in the PLA.").) Nevertheless, the Supreme Court concluded that arbitrators should properly decide procedural disputes necessary to reach arbitrability. *See id.* at 558. Because the dispute here – like the one in *John Wiley & Sons* – solely concerns the issue of whether Defendant properly followed the dispute-resolution procedure for filing grievances, the Court holds that an arbitrator should resolve the issue of arbitrability.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion for summary judgment to vacate Defendant's arbitration demand is DENIED, and Defendant's motion for summary judgment to compel arbitration is GRANTED. The Clerk of the Court is respectfully directed to terminate the motions pending at Doc. Nos. 11 and 22, and to close this case.

SO ORDERED.

Dated:   August 18, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE